UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case no. |
| v. ) | |
| ) | |
| JOHN D. VAN HAVERMAAT, ) | |
| ELIZABETH VAN HAVERMAAT, ) | |
| JAMES VAN HAVERMAAT , ) | |
| JOSEPH VAN HAVERMAAT, ) | |
| JEFFREY VAN HAVERMAAT, ) | |
| SANILAC COUNTY TREASURER, and ) | |
| MICHIGAN DEPT. OF TREASURY, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

The United States of America, pursuant to 26 U.S.C. §§ 7401 and 7403, at the direction of the Attorney General of the United States, with the authorization and sanction, and at the request of the Chief Counsel of the Internal Revenue Service ("IRS"), a delegate of the Secretary of the Treasury, complains and alleges as follows:

### JURISDICTION AND PARTIES

1. Jurisdiction is conferred upon the district court pursuant to 26 U.S.C. §§ 7402(a) and 7403, and 28 U.S.C. §§ 1331, 1340, and 1345.

2. The defendant John D. Van Havermaat resides in Sanilac County, Michigan, within the jurisdiction of this Court.

3. The defendant Elizabeth Van Havermaat is named as a defendant in this action pursuant to 26 U.S.C. § 7403(b), for the reason that she has, or may claim, an interest in the property upon which the United States seeks to enforce its liens.

1

4. The defendant James Van Havermaat is named as a defendant in this action pursuant to 26 U.S.C. § 7403(b), for the reason that he has, or may claim, an interest in the property upon which the United States seeks to enforce its liens.

5. The defendant Joseph Van Havermaat is named as a defendant in this action pursuant to 26 U.S.C. § 7403(b), for the reason that he has, or may claim, an interest in the property upon which the United States seeks to enforce its liens.

6. The defendant Jeffrey Van Havermaat is named as a defendant in this action pursuant to 26 U.S.C. § 7403(b), for the reason that he has, or may claim, an interest in the property upon which the United States seeks to enforce its liens.

7. The defendant Sanilac County Treasurer is located within the jurisdiction of this Court at 60 West Sanilac, Room 204, Sandusky, Michigan 48471, and is named as a defendant in this action pursuant to 26 U.S.C. § 7403(b), for the reason that it has, or may claim, an interest in the property upon which the United States seeks to enforce its liens.

8. The defendant Michigan Department of Treasury is located in Lansing, Michigan 48922, and is named as a defendant in this action pursuant to 26 U.S.C. § 7403(b), for the reason that it has, or may claim, an interest in the property upon which the United States seeks to enforce its liens.

REAL PROPERTY

9. By warranty deed dated May 15, 1994, and recorded on May 16, 1994, in Liber 506, Page 272, Sanilac County Records, John Van Havermaat and Elizabeth Van Havermaat received record title to the real property located at 1960 Mortimer

Line, Croswell, Michigan 48422 (the "Property"), that is legally described as follows:

> F-8 101 T9M R15E SEC 8 NE ¼ OF NE ¼ LESS
> 10 A ON E SIDE ALSO EXC COM AT N ¼ COR THE
> 1533.55 FT TO POB TH E 224.85 FT, TH S 387.5
> FT, TH W 224.85 FT, TH N 387.5 FT TO POB
> 28.0000 A.

10. By quitclaim deed dated August 14, 2009, and recorded August 17, 2009, in Liber 1076, Page 402, Elizabeth Van Havermaat quitclaimed her interest in the Property to John Van Havermaat for $1.00.

11. By quitclaim deed dated March 1, 2010, and recorded March 2, 2010, in Liber 400, Pages 640-647, John Van Havermaat quitclaimed the Property to himself, Elizabeth Van Havermaat, James Van Havermaat, Joseph Van Havermaat, and Jeffrey Van Havermaat as joint tenants with full rights of survivorship for $1.00 and other valuable consideration.

**COUNT ONE: Suit to Reduce Federal Income Tax Assessments to Judgment Against John D. Van Havermaat**

12. The United States hereby incorporates the allegations set forth in paragraphs numbered 1 and 2, above, as if specifically alleged herein.

13. On the following dates, a delegate of the Secretary of the Treasury of the United States made the following assessments against John Van Havermaat for unpaid federal income taxes, penalties, and interest, for the following income tax years, in the following amounts, which have balances due as of March 21, 2013, as follows:

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed | Balance Due as of March 21, 2013 (including interest, penalties, credits, and payments) |
|---|---|---|---|---|
| 12/31/00 | 1/26/07 | Tax Assessment<br>Fraud Penalty<br>Interest | $71,640.00<br>$51,798.75<br>$49,048.43 | $250,996.74 |
|  | 10/11/10 | Failure to Pay Penalty | $17,830.00 |  |
| 12/31/01 | 7/25/05 | IRC 6667-Accuracy Penalty<br>Audit Deficiency<br>Interest | $493.00<br>$2,465.00<br>$334.43 | $13.00 |
|  | 6/26/06 | Fees and Collection Costs | $32.00 |  |
|  | 7/31/06 | Fees and Collection Costs | $32.00 |  |
|  | 2/19/07 | Failure to Pay Penalty | $10.87 |  |
|  | 1/5/09 | Fees and Collection Costs | $16.00 |  |
|  | 8/20/12 | Fees and Collection Costs | $13.00 |  |
| 12/31/02 | 4/25/05 | Estimated Tax Penalty<br>Late Filing Penalty<br>Tax Assessment<br>Interest<br>Failure to Pay Penalty | $714.49<br>$4,329.68<br>$23,893.00<br>$2,336.99<br>$2,405.38 | $1,272.82 |
|  | 6/19/06 | Fees and Collection Costs | $32.00 |  |
| 12/31/03 | 2/12/07 | Estimated Tax Penalty<br>Misc. Penalty<br>Tax Assessment<br>Interest | $488.82<br>$14,009.25<br>$18,679.00<br>$5,977.38 | $61,899.38 |
|  | 4/2/07 | Fees and Collection Costs | $38.00 |  |
|  | 2/16/09 | Late Filing Penalty<br>Interest Assessed<br>Failure to Pay Penalty | $4,055.17<br>$6,813.83<br>$4,235.40 |  |
|  | 10/11/10 | Failure to Pay Penalty | $270.34 |  |

| | | | | |
|---|---|---|---|---|
| 12/31/05 | 2/5/07 | Tax Assessed<br>Estimated Tax Penalty<br>Late Filing Penalty<br>Failure to Pay Penalty<br>Interest | $1,349.00<br>$36.00<br>$303.52<br>$67.45<br>$107.09 | $1,164.06 |
| | 10/11/10 | Failure to Pay Penalty | $269.79 | |
| 12/31/06 | 12/17/07 | Tax Assessed<br>Estimated Tax Penalty<br>Late Filing Penalty<br>Failure to Pay Penalty<br>Interest | $1,644.00<br>$66.00<br>$118.98<br>$59.49<br>$74.88 | $1,568.68 |
| | 3/28/08 | Fees and Collection Costs | $16.00 | |
| | 10/11/10 | Failure to Pay Penalty | $237.76 | |
| 12/31/08 | 10/5/09 | Tax Assessed<br>Failure to Pay Penalty<br>Interest | $9,013.00<br>$258.39<br>$164.84 | $12,199.87 |
| | 11/16/09 | Fees and Collection Costs | $19.00 | |
| | 10/10/11 | Failure to Pay Penalty | $1,894.85 | |
| | | | | **TOTAL = $331,293.20** |

14. For the 2000 tax year, John Van Havermaat participated in an abusive tax shelter promoted by Anderson's Ark and Associates and used sham partnerships to conceal the amount of taxes he owed for 2000.

15. For the 2001 tax year, John Van Havermaat participated in an abusive tax shelter promoted by Anderson's Ark and Associates and used sham partnerships to conceal the amount of taxes he owed for 2001.

16. Due to John Van Havermaat's participation in an abusive tax shelter, the IRS assessed a fraud penalty for the tax year 2000 and an accuracy penalty for the tax year 2001.

5

17. A delegate of the Secretary of the Treasury of the United States issued notice of the tax assessments described in paragraph 13, above, to John Van Havermaat, and made demand for payment to John Van Havermaat.

18. Despite such notice and demand, John Van Havermaat has failed, neglected, or refused to pay the federal income tax liabilities set forth above in full, and, after the application of all abatements, payments, and credits, John Van Havermaat remains liable to the United States for the unpaid balance of his 2000, 2001, 2002, 2003, 2005, 2006, and 2008 federal income tax liabilities in the total amount of $331,293.20, plus interest and other statutory additions from March 21, 2013.

## COUNT TWO: Suit to Enforce the Federal Tax Liens

19. The United States hereby incorporates the allegations set forth in paragraphs numbered 1 through 18, above, as if specifically alleged herein.

20. The failure, neglect, or refusal of John Van Havermaat to pay the taxes, penalties, and interest assessed against him following notice of tax assessments and demand for payment of the same, gave rise, as of the dates of the tax assessments, to liens in favor of the United States, pursuant to 26 U.S.C. §§ 6321 and 6322, upon all property and rights to property belonging to John Van Havermaat in an amount equal to the unpaid tax assessments, plus interest and other accruals permitted by law.

21. A delegate of the Secretary of the Treasury filed notices of liens in accordance with 26 U.S.C. § 6323(f) for unpaid federal income tax liabilities of John Van Havermaat on the dates as follows:

a. On June 5, 2006, a federal tax lien for the 2001 taxable year was filed in Sanilac County in the name of John D. Van Havermaat and recorded in Liber T12, Page 00771, Sanilac County Register of Deeds. The federal tax lien was released on February 20, 2007. On June 29, 2012, a revocation of release was recorded in Liber T16, Pages 609 and 611. On August 3, 2012, a revocation of release was recorded in Liber T16, Page 685.

b. On June 21, 2006, a federal tax lien for the 2002 taxable year was filed in Sanilac County in the name of John D. Van Havermaat and recorded in Liber T12, Page 00791, Sanilac County Register of Deeds.

c. On March 12, 2007, a federal tax lien for the 2000, 2003, 2004, and 2005 taxable years was filed in Sanilac County in the name of John D. Van Havermaat and recorded in Liber T13, Page 00261, Sanilac County Register of Deeds. The tax liability from 2004 has been fully satisfied.

d. On March 3, 2008, a federal tax lien for the 2006 taxable year was filed in Sanilac County in the name of John D. Van Havermaat and recorded in Liber T13, Page 00628, Sanilac County Register of Deeds.

e. On December 15, 2008, a federal tax lien for the 2001 taxable year was filed in Sanilac County in the name of John D. Van Havermaat and recorded in Liber T14, Page 00282, Sanilac County Register of Deeds.

    f.   On October 28, 2009, a federal tax lien for the 2008 taxable year was filed in Sanilac County in the name of John D. Van Havermaat and recorded in Liber T14, Page 804, Sanilac County Register of Deeds.

22. The federal tax liens that arose with the tax assessments against John Van Havermaat, as referred to in paragraph 13, above, and as reflected on the Notices of Federal Tax Lien, referred to in paragraph 21, above, attached to the Property.

23. Elizabeth Van Havermaat, James Van Havermaat, Joseph Van Havermaat, and Jeffrey Van Havermaat received title to the Property subject to the previously attached tax liens.

24. Pursuant to 26 U.S.C. § 7403, the United States of America is entitled to enforce its liens upon the Property, to have the Property sold at a judicial sale, and, after the payment of the costs of the sale and any local real estate taxes due and owing, to have the proceeds applied first towards the satisfaction of the tax liabilities set forth in paragraph 13, above.

WHEREFORE, the plaintiff United States of America requests:

    A.    That this Court enter judgment for the plaintiff United States of America and against the defendant John D. Van Havermaat for unpaid federal income taxes, penalties, and interest for tax years 2000, 2001, 2002, 2003, 2005, 2006, and 2008, in the amount of $331,293.20, plus interest and other statutory additions from and after March 21, 2013;

    B.    That this Court determine and adjudge that Elizabeth Van Havermaat, James Van Havermaat, Joseph Van Havermaat, and Jeffrey Van Havermaat took title subject to the United States of America's tax liens and that the United States' interest in

the property is senior to that of Elizabeth Van Havermaat, James Van Havermaat, Joseph Van Havermaat, and Jeffrey Van Havermaat.

    C. That this Court enforce the United States of America's tax liens against the Property described in this complaint, and that said Property be sold by a proper officer of this Court according to law, free and clear of all rights, titles, liens, claims, and interests of the parties hereto, and that proceeds of such sales be distributed, after the costs of sale, to the United States and to other parties in accordance with the law; and,

    D. That this Court award the United States of America its costs and such further relief as is just and proper.

KATHRYN KENEALLY
Assistant Attorney General, Tax Division

/s/ *Lisa L. Bellamy*
LISA L. BELLAMY
Trial Attorney, Tax Division
United States Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: 202-307-6416
Fax: 202-514-5238
Email: Lisa.L.Bellamy@usdoj.gov

*Local Counsel*:

BARBARA L. McQUADE
United States Attorney
Eastern District of Michigan